Geeene, J.,
delivered the opinion of the court.
It appearing from the proceedings in this cause, that on the 23d of January, 1849, Allen Goodwin, a Justice of the Peace of Madison county rendered a judgment in favor of J. R. Chappel, administrator of Joel Chappell, against William H. Morris, N. Ward,J. P. Burton, and P. O. Anderson, for the sum of $166,93|, and $2,25 costs.
On the same day, the plaintiff in error, wrote to the Justice the following note, — “Allen Goodwin, Esq., Sir — You are au- “ thorised to set my name down as stayor to a judgment given “ against Wm. H. Morris and Nat. Ward, on the 23d of Jan’y. “1849, in favor of Robert Chappell. T. N. Rhodes.”
The Justice, by virtue of this authority alone, entered Rhodes as stayor of the judgment above recited.
An execution issued on said judgment and stay, and the case was brought into the circuit court by certiorari. On motion of the plaintiff, the court dismissed the certiorari, and gave judgment against Rhodes, — from which judgment he appeals to this court.
The only question here is, whether this written authority is sufficient to have authorised the Justice to enter Rhodes as stayor in this case.
*528 [Rhodes us. Chappell.3
It was proved that no other judgment was entered that day against Morris and Ward, and that J. R. Chappell was as well known by the name of Robert Chappell, as by that oí Joel R. Chappell.
This court decided, in the case of Baer vs. McGregor, that although the evidence extrinsic of the written authority is ad-missable, yet, the written authority must contain such a reference to, and description of the judgment to be stayed, as without extrinsic evidence, will render it reasonably certain that it is the judgment referred to.
Testing the written authority in the present case by this rule, and we think it is not sufficient to bind the plaintiff in error, as stayor of the judgment in question.
The authority is, to stay a judgment against Morris and Ward. The amount for which the judgment to be stayed, was rendered, is not mentioned — nor any reference to the amount — so as to show the extent of the undertaking. This, 'ought to appear in the written order.
The justice has jurisdiction to the extent of five hundred dollars — and if this order were held to be a valid authority the writer might be bound as stayor for a judgment for that amount.
It is said, in the case of Barr vs. McGregor, that a written authority, to enter a party as stayor, of a judgment before a Justice of the Peace, is in the nature of the power-of attorney to confess a judgment. Secondly, in an instrument which is to create such an obligation upon the party, there ought to be some reference to the amount, so that he may indicate that he is aware of the extent of the undertaking.
It is insisted that the case of Dillard vs. Askew & Lancaster, (3, Plump. R. 536,) is an authority, in support of the judgment in this case.
That case has come to the verge of the law, — if we adhere to the principle stated in Barr vs. McGregor. But to support *529 the present judgment we must go much farther than the court has heretofore gone; — and this, we think, cannot be done upon principle; — and the greatly increased jurisdiction of Justices, admonishes us that we ought not to do so.
In the case of Dillard vs. Askew & Lancaster, the authority was to stay a judgment against W. H. Alsup for $62,50. There was no judgment vs. W. H. Alsup alone, but on that day, W. H. Alsup had confessed a judgment for $62,50.
The description of the judgment was perfectly accurate except that it was against an additional party, besides the one mentioned in the authority. But here there is no mention of the amount of the judgment to be stayed, and the one to which the party is entered as stayor is against two persons in addition to those mentioned in the written authority.
If this were held to be obligatory on the plaintiff in error, it would be useless hereafter, to require a written authority at all.
Reverse the judgment, and quash the execution.